Nash, J.
 

 The plaintiff filed bis petition in the County-Court of Hyde, to condemn an acre of the defendant’s land, for the purpose of erecting a public mill. Copies of the petition were issued to the defendant, and four freeholders were appointed by the Court, to lay off and value the acre. The commissioners made their report at a subsequent term of the Court. In their report, they designate •the beginning of the acre as follows : “ Beginning in the centre of the said Burgess’s mill-dam, immediately at the east side of Rutman’s Creek.” — All the other metes and bounds are set forth ; they value the acre at ten dollars. This return is made under their hands and seals, and is dated in 1851. • The defendant objected to the confirmation of the report, íjrst, “ because of the want of definite
 
 *110
 
 ness in the description of the land set apart; because the value stated of the land is not, in fact, such as it should be; and third, because the report does not state at what particular time it was made.” The objections were overruled by the County Court, and an appeal taken to the Superior Court, where the judgment was afuVmed, and an appeal taken to this' Court. The case states, “ that shortly after the petition was filed, and before the freeholders laid off the acre, mentioned in their report, the petitioner partially erected a mill-house- on the acre of land, and had his mill running at the time they laid off the acre; and, in making the estimate of the value of the acre, they did not take into the estimate the value of the fixtures.”
 

 The judgment of the Court below must be affirmed.— The first and third objections of the defendant were, in a measure, abandoned, and the whole defence put upon the second. This is, also, untenable. The proceedings are had under the Act of ’36, R. Stat. ch. 74, s. 2. The object of the Act was to vest in the.person making the ap. plication to erect a public mill, on a stream where he owned the land but on one side, the fee simple in an acre of land opposite to his mill site. This
 
 acre
 
 of
 
 land
 
 the freeholders are directed to value ; and, under
 
 the Act, it
 
 was all they could value. The Court is forbidden to confirm the report, if it take away
 
 “
 
 houses, .orchards, gardens, or other immediate conveniences,’’ and, by necessary implication, the freeholders are forbidden to include them in their survey. The improvements, thus forbidden to be included in the acre to be condemned, were improvements put on the land by the owner, or on it before the proceedings were commenced. The Legislature would not allow the proprietor to be deprived of them, for the purpose of even erecting a public mill, beneficial as it is deemed to the community. The right of eminent domain was sufficiently exert
 
 *111
 
 ed in depriving a man of his land
 
 in invito.
 
 Had the defendant, then, or those who preceded him in the possession and ownership of the land, put these improvements on it, the acre sought to be condemned could not have been laid off there, or, if so, it must have been so done as not to include them. It is evident, then, that it was the intention of the legislature, that a petitioner in such case should pay only the value of the naked land, and the free-holders had no authority to include in their estimate the value of the improvements. It is true, that, at the time they were erected by the plaintiff, the land belonged to the defendant, but they were put there for no illegal purpose. The petition had been filed, and the free-holders appointed, and the plaintiff had a right to believe that the land, on which they stood, would be condemned for his use. It has been so condemned: and by the law the fee-simple is vested in him, or will be. It would, therefore, not be just to compel him to pay for his own work and labor. The defendant has got what the law intended he should get, and he must be therewith eontent.
 

 - Per CuriaM. . Judgment affirmed.